Kirsha Brown
2450 W. Airport Blvd.
Sanford, FL 32771
brownyounger@gmail.com
407/927/0537

2014 AUG 21 PM 2:27

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Kirsha Brown, ) Case No.:
)
  Plaintiff, )
) **ORIGINAL COMPLAINT**
  vs. )
)
United States Department of )
Education, West Wood College, )
Sallie Mae, ECMC, Pioneer Credit )  6:14 CV1350-ORL-18G-JK
Recovery, Trans Union, Equifax, )
and Experian )
)
  Defendant )

**PRELIMINARY STATEMENT**

*Pro Se litigant, Kirsha Brown,* brings forth this civil litigation suit, Pursuant to FDCPA of 1977 (Fair Debt Collection Practices Act), 15 U.S. CODE § 1692K,(A)(1), (2)(A), Civil liabilities, for each civil violation of the above entitled law. Pursuant to 15 U.S. CODE § 1692G, Disputed debts, (b)(a), this debt of $4305.42 was disputed and information such as name and address of Original Creditor was requested. Therefore, on August, 18th 2014, a verification of the debt and statement was mailed by the current creditor or collection agency to Plaintiff, Kirsha Brown. Plaintiff states that the current above debt has been validated as correct by Pioneer Credit Recovery collection agency via in writing.

Complaint - 1

Plaintiff has spoken with the above entitled Collection Agency or PCR days before receiving the actual letter in which verified that the above debt as correct and true. However, Plaintiff noticed that there was an Original Creditor by the name of Sallie Mae listed on the Statement and an amount owed of $2661.20. Plaintiff was told via by telephone by a PCR Representative "that she did not owe any debt with Sallie Mae and that it was paid off". Still, the debt of $4305.42 is the current defaulted balance for her past College loans. Plaintiff states that she was told by a PCR Representative that "she only owed a balance of $4305.42 with ECMC, another original creditor". Plaintiff immediately explained "that this balance was incorrect and too high". She further explained "that she had been awarded at least one to two grants from the government, and that she paid $150 per month in cash to Westwood College for at least 3-5 months, and she believed that, that should also be calculated as some monies paid toward her educational debt". She also explained "that she had paid $2500 to Sallie Mae 3-4 yrs. ago through a tax offset/tax garnishment and shouldn't owe Sallie Mae anything because she was paid in full". Plaintiff states that she contacted Sallie Mae 3-4 yrs. ago after the tax lien garnishment was conducted by the Department of Education in Washington on behalf of Sallie Mae, and they stated "that she was paid in full and she didn't owe any further debt". Plaintiff then orally requested "if the details of the actual cost of her classes that she had taken, the grants she received etc., could be obtained"? Again, the PCR Rep explained, "that Sallie Mae wasn't owed anything and the $4000 was for ECMC, and that they could send her some sort of statement verifying the amount owed and her Sallie Mae MPN".

According to the statement mailed to Plaintiff, it lists her as owing ECMC $1644.22 and owing Sallie Mae $2661.20, therefore the calculated total is 4305.42 for both original creditors.

Consequently, Plaintiff was provided with false debt information and false statements were made by PCR, and the $2500 tax offset/tax Garnishment conducted by the United States Department of Education was not applied to the past Sallie Mae debts. Plaintiff, states that she contacted The United States Department of Education verifying that the garnishment was applied to student loans, and according to the information she received, the tax offset was applied to student loans. However, just recently in 2014, the Sallie Mae/ECMC debt re-surfaced, and Plaintiff was again held accountable for the debt, and the tax offset/garnishment was no longer valid.

Also, there is a record of the tax offset collection on IRS record. The money that was collected by the Original Creditor Sallie Mae through the United States Department of Education, is requesting additional money from Plaintiff that she does not owe, which Plaintiff believe to be absolute fraud, deceptive and dishonest practices on all above parties behalf.

Plaintiff claims that 15 U.S. CODE § 1692E - FALSE OR MISLEADING REPRESENTATIONS, of the FDCPA was violated, 2(A)-the false representation of the amount of the debt, and 2(b)-false representation of compensation already received on the debt, (8) of Code 1692 of the FDCPA- communicating information known to be false, and (10) of Code 1692 of the FDCPA- the use of false information or deceptive means to collect on a debt, has been violated by all above entitled Defendants.

Pursuant to the Fair Credit Reporting Act of 1970, 15 U.S.C. §§ 1681, Public Law No. 91-508, Plaintiff commences suit pursuant to FCRA, Section 618, § 1681p and pursuant to § 1681n, Section 617, Civil liability for willful non-compliance (a), (1)(a), (1)(B), (2). Plaintiff sues in accordance with the FCRA of 1970 due to false information on all 3 credit reports with all 3 major Credit

bureaus in regards to her college loans. Plaintiff states that she had disputed this Sallie Mae/ECMC debt on all 3 of her Credit Reports as inaccurate and reported payments that were paid toward her debt. Still, her disputes went un-recognized and un-handled by these Credit Reporting bureaus.

The Sallie Mae debt was reported numerous times on her credit report as un-paid, totaling about $4298 on Trans Union as Sallie Mae being the original creditor connected with ECMC as listed on her Credit Report, and again her tax refund of $2500 was received by the Dept. of Education but not applied to her Sallie Mae/ECMC debt, or was applied 3-4 yrs. ago but became no longer valid in 2014. Once Plaintiff requested certain forms and submitted certain forms to ECMC that would remedy her debt, she was intentionally ignored and the debt was passed along to the current collection agency PCR, for both Sallie Mae and ECMC.

Lastly, Plaintiff states that she has spoken with West Wood College recently and Staff falsely claimed that "no debt was owed", but had communicated that a debt via writing after Plaintiff had withdrawn from College, of "1500.00 was owed directly to the school for the cost of her education although her debt was accumulated with a third party lender Sallie Mae/ECMC. Furthermore, again Plaintiff was forced to pay $150 in numerous cash payments directly to the financial aid office, which was a false and illegal debt communicated to the Plaintiff, Kirsha Brown, because she had received financial aid and was due to pay her debt to the third party loan lender Sallie Mae.

All above captioned Defendants are held liable for the above cited violations of Federal law.

### FEDERAL QUESTION JURISDICTION

Pursuant to Federal Question Jurisdiction 28 U.S.C. § 1331, George C. Young U.S. Federal District Court, has Jurisdiction to hear such a case.

### DAMAGES

WHEREFORE, Plaintiff seeks statutory damages for violations of the FDCPA of 1977, and FCRA of 1970, compensatory/tort damages for loss of Governmental financial Aid, loss of education/loss of ability to obtain a future education, economic distress, intentional infliction of emotional distress, and pain and suffering, in the amount of $100,000, along with punitive damages.

Dated this 18th day of August, 2014

_____
Kirsha Brown
Pro Se Litigant